**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| OZMA LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>TRIUMVIRATE CONSULTING LLC, an Oklahoma Limited Liability Company, and Colton Murphy, an individual,<br><br>Defendants. | Case No: 5:26-cv-02801-R<br><br>**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR TRIAL BY JURY** |

## AMENDED COMPLAINT

Plaintiff OMZA LLC complains against Defendant Triumvirate Consulting LLC and Colton Murphy and alleges as follows:

## PARTIES

1. Plaintiff Ozma LLC ("Ozma") is a Utah limited liability company having its principal place of business in Draper, Utah.

2. Upon information and belief, Defendant Triumvirate Consulting LLC ("Triumvirate") is an Oklahoma Limited Liability Company having a principal place of business in Oklahoma City, Oklahoma.

3. Upon information and belief Colton Murphy ("Murphy") is the sole principal of Triumvirate and as a residence in Oklahoma City, Oklahoma.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a), which provides that district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents.

5. This Court has personal jurisdiction over Defendant Triumvirate because Defendant is an Oklahoma limited liability company, has a regular and established place of business in this judicial district, and has committed acts of infringement in this judicial district.

6. This Court has personal jurisdiction over Defendant Murphy because he resides in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b), which provides that any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

8. Defendants reside in Oklahoma City, which is in this judicial district.

## FACTUAL ALLEGATIONS

### The Patent-in-Suit

9. On October 8, 2019, the United States Patent and Trademark Office duly and legally issued United States Patent No. 10,433,662, entitled "Blanket-Based Structures” (the "Patent-in Suit").

10. A true and correct copy of the Patent-in-Suit is attached hereto as Exhibit 1.

11. The Patent-in-Suit claims priority to U.S. Application Ser. No. 15/442,262 filed on February 24, 2017, now U.S. Patent No. 10,307,002.

12. Plaintiff is the owner of all right, title, and interest in and to the Patent-in-Suit, including the right to sue for past and future infringement. Assignment of the patent is recorded with the United States Patent and Trademark Office at Reel 075356 Frame 0276. A copy of the assignment is attached hereto as Exhibit 2.

13. The Patent-in-Suit is valid and enforceable.

14. The Patent-in-Suit claims a system for assembling or modifying a blanket-based structure.

**Defendant's Infringing Activities**

14. Defendant designs, makes, uses, sells, offers for sale, and/or imports into the United States products referred to as the Magic Kids Fort Building (the "Accused Products"). These include UPC 715614932356 and UPC 782570619119.




15. The Accused Products include the following features:

an enclosure element, wherein the enclosure element comprises:

> one or more attachment mechanisms fixedly attached to the enclosure element, the one or more attachment mechanisms configured to detachably associate with one or more environmental structures;
>
> a plurality of eyelets disposed adjacent to the perimeter of the enclosure element; and
>
> one or more weights selectively attachable to the enclosure element by one or more securing straps at one or more of: the attachment mechanisms, the plurality of eyelets, or combinations thereof, such that the one or more weights are configured to be suspended from the perimeter of the enclosure element by the one or more securing straps.

A chart showing infringement of Claim 1 is attached hereto as Exhibit 3.

16. Defendant has made, used, sold, offered for sale, and/or imported the Accused Products in this judicial district.

17. Defendant has sold the Accused Products to customers located in this judicial district, including the Magic Fort Building Kit.

18. Defendant advertises and promotes the Accused Products through websites such as eBay.com, including advertising directed to customers in this judicial district.

**COUNT I — INFRINGEMENT OF U.S. PATENT NO. 10,433,662**

19. Plaintiff incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

20. Defendant has directly infringed and continues to directly infringe one or more claims of the Patent-in-Suit, including at least Claim 1, literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing into the United States the Accused Products without authorization.

21. The Accused Products practice each and every limitation of Claim 1 of the Patent-in-Suit.

22. Triumvirate has directly infringed and continue to directly infringe the Patent-in-Suit by making, using, selling, offering for sale, and/or importing the Accused Products.

23. On information and belief, Defendant's infringement has been willful, deliberate, and in disregard of Plaintiff's patent rights.

24. Defendant's infringement has caused and continues to cause Plaintiff irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

A. A judgment that Defendants have infringed the Patent-in-Suit pursuant to 35 U.S.C. § 281;

B. A permanent injunction enjoining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from further infringement of the Patent-in-Suit pursuant to 35 U.S.C. § 283 and prohibiting the making, using selling, importing or offering for sale the Accused Products, including UPC 715614932356 and UPC 782570619119;

C. An award of damages adequate to compensate Plaintiff for Defendants' infringement in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest pursuant to 35 U.S.C. § 284;

D. A determination that this case is exceptional and an award of Plaintiff's reasonable attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285;

E. An accounting of all infringing sales and damages not presented at trial;

F. A determination that Defendants' infringement has been willful, and an award of enhanced damages pursuant to 35 U.S.C. § 284;

G. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 14, 2026

Respectfully submitted,

Edward L. White

Edward L. White, OBA No. 16549
ED WHITE LAW
829 E. 33rd Street
Edmond, Oklahoma 73013
(405) 810-8188
ed@edwhitelaw.com

**Attorney for Plaintiff**